UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ARTURO TORRES OCHOA,

Plaintiff,

v.

RENEE BAKER et al.,

Defendants.

Case No. 3:14-cv-00414-MMD-WGC

ORDER

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On August 8, 2014, this Court issued an order denying Plaintiff's application to proceed *in forma pauperis* because Plaintiff had "three strikes" pursuant to 28 U.S.C. § 1915(g). (Dkt. no. 3 at 1-2.) The Court informed Plaintiff that if he did not pay the $400.00 filing fee in full within thirty (30) days of the date of that order, the Court would dismiss the action without prejudice. (*Id.* at 2.) The thirty-day period has now expired and Plaintiff has not paid the full filing fee of $400.00.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to comply with an order requiring amendment of complaint);

1    *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply

2    with local rule requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v.*

3    *U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

4    with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal

5    for lack of prosecution and failure to comply with local rules).

6            In determining whether to dismiss an action for lack of prosecution, failure to

7    obey a court order, or failure to comply with local rules, the court must consider several

8    factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

9    to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

10   favoring disposition of cases on their merits; and (5) the availability of less drastic

11   alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*,

12   833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

13           In the instant case, the Court finds that the first two factors, the public's interest in

14   expeditiously resolving this litigation and the Court's interest in managing the docket,

15   weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also

16   weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

17   unreasonable delay in filing a pleading ordered by the court or prosecuting an action.

18   *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public

19   policy favoring disposition of cases on their merits – is greatly outweighed by the factors

20   in favor of dismissal discussed herein.  Finally, a court's warning to a party that his

21   failure to obey the court's order will result in dismissal satisfies the "consideration of

22   alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33;

23   *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to pay the full filing

24   fee within thirty (30) days expressly stated: "For the foregoing reasons, it is ordered that

25   this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee

26   in full within thirty (30) days of entry of this order." (Dkt. no. 3 at 2.) Thus, Plaintiff had

27   adequate warning that dismissal would result from his noncompliance with the Court's

28   order to pay the full filing fee within thirty (30) days.

1    It is therefore ordered that this action is dismissed without prejudice based on

2 Plaintiff's failure to pay the $400.00 filing fee in compliance with this Court's August 8,

3 2014, order.

4    It is further ordered that the Clerk of Court shall enter judgment accordingly.

5    DATED THIS 11th day of September 2014.

6

7    _____
     MIRANDA M. DU

8    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28